IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20130
Summary Calendar
_____

THURMAN WILLIAMS

              Plaintiff - Appellant

     v.

LEE P BROWN, Mayor; THE CITY OF HOUSTON; THE COUNTY OF HARRIS;
TOMMY B THOMAS, Sheriff; HARRIS COUNTY JAIL

              Defendants - Appellees

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1121
- - - - - - - - - -
October 25, 2002

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

     Thurman Williams, Texas prisoner # 868118, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action.

Williams alleged civil rights violations arising from two

incidents at the Harris County Jail.  The first incident occurred

in October 1998, and the second incident occurred in either March

or April 1999.  The district court held that any claims relating

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to the October 1998 incident were barred by limitations and that Williams had failed to exhaust his administrative remedies with respect to the 1999 incident. Williams argues that he notified officials at the prison, as well as the Mayor of Harris County, and the Federal Bureau of Investigation, and that he was unaware of the availability of an administrative remedy. He also contends that his complaint is timely because it relates back pursuant to FED. R. CIV. P. 15.

Because Williams' original complaint was untimely as to the 1998 incident, there is no earlier pleading to which it could relate back. See FED. R. CIV. P. 15(c). Williams has not established a basis for excusing his failure to exhaust administrative remedies. See Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731, 740-41 (2001). Therefore, the judgment of the district court is AFFIRMED.